**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TENNESSEE**
**WINCHESTER DIVISION**

| | | |
|---|---|---|
| **GINA V. BURT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:23-cv-00055** |
| | ) | |
| **PLAYTIKA, LTD. and** | ) | |
| **PLAYTIKA HOLDING CORP.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MOTION TO REMAND

Pursuant to 28 U.S.C. § 1447, plaintiff Gina V. Burt moves to remand this civil action to the Circuit Court for the 14th Judicial District of Tennessee (Coffee County) from which it was improvidently removed. In support of this motion, plaintiff states as follows:

## INTRODUCTION

1. Defendants base their claim of federal court jurisdiction on the diversity statute, 28 U.S.C. § 1332. This statute contemplates three possible ways that the amount-in-controversy requirement for diversity jurisdiction. First, under traditional diversity jurisdiction, a single plaintiff could bring a claim for more than $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Next, under the Class Action Fairness Act of 2005, a case could be a class action brought under a state analog of Rule 23 of the Federal Rules of Civil Procedure, with an aggregate amount in

controversy of at least $5,000,000. Finally, a case could also be a mass action under CAFA, with more than 100 individual plaintiffs joined for a single trial with a minimum amount in controversy of $5,000,000. As we explain below, this case is none of the three.

2. Playtika does not argue that this is a mass action, probably because the United States Supreme Court foreclosed any such argument in Mississippi ex rel. Hood v. AU Optronics Corp., holding that absent parties who might recover money in a state attorney general action did not count toward CAFA's requirement that mass actions include one hundred or more plaintiffs joined in one action. 571 U.S. 161, 176 (2014). Plaintiff cites Hood to the court out of an abundance of caution and a sense of completeness. There is no argument whatsoever that this is a mass action.

3. Playtika first argues that this is a traditional diversity case in which the plaintiff seeks to recover more than $75,000. This argument fails because this case is brought under a statute that authorizes a single individual not to recover money for herself, but to bring claims on behalf of the family members of those injured by defendants' conduct, namely making available gambling games that are illegal under Tennessee law. Tenn. Code § 29-19-105. The question before the court is whether the amounts recoverable by those absent parties can be aggregated to reach the amount in controversy. As an Alabama court recently found in several cases brought under that state's substantively identical statute, "the non-aggregation doctrine

applies here and precludes aggregation for the calculation of the amount in controversy." Rice v. Aristocrat Leisure, Ltd., 2023 WL 5198510 at *5 (N.D. Ala. Aug. 11, 2023); see also McGee v. SpinX Games, Ltd., 2023 WL 5202377 (N.D. Ala. Aug. 14, 2023); Pilati v. Yellow Social Interactive, Ltd., 2023 WL 5202375 (N.D. Ala. Aug. 14, 2023); Gann v. Huuuge, Inc., 2023 WL 5202376 (N.D. Ala. Aug. 14, 2023); Mills v. Zynga, Inc., 2023 WL 5198511 (N.D. Ala. Aug. 14, 2023). The same is true here; the recovery amounts of those on whose behalf plaintiff is suing cannot be aggregated to reach the amount in controversy.

4. Playtika also attempts to argue that this case should be treated as a class action under CAFA. CAFA defines a class action as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. 1332(d)(1)(B). The Sixth Circuit, like courts around the country, has held that, in practice, this means that class actions are those cases brought under statutes that have similar requirements to Rule 23. Nessel ex rel. Michigan v. Amerigas Partners, L.P., 954 F.3d 831, 835 (6th Cir. 2020) ("These four requirements—numerosity, commonality, typicality, and adequate representation—are the defining characteristics of Rule 23."). The statute in question here, Tennessee Code § 29-19-105, contains none of those requirements, instead authorizing "any other person" to sue on behalf of gamblers' family members.

## THIS IS A SPECIES OF PRIVATE ATTORNEY GENERAL ACTION

5. Defendants make available online games and applications across multiple platforms that are illegal games of chance, and thus gambling, under Tennessee law. See Tenn. Code § 39-17-501. The Tennessee Code defines gambling both as "contrary to the public policy of this state" and as including "risking anything of value" on "any games of chance" including slot machines. Id. Playtika's games allow players to win free or extended playing time, which is a thing of value under Tennessee law. See State v. Vance, 2004 WL 746296 at *12 (Tenn. Ct. Crim App. Knox. 2004) (finding the machines at issue gambling devices, "the right to continue the operation of the machine for amusement being a thing of value within statutes directed against gaming.") (quoting Heartley v. State, 157 S.W. 2d 1, 3 (Tenn. 1941).

6. Section 29-19-105 of the Tennessee Code authorizes "any person" other than the gambler to recover for the use of the gambler's family:

> ***Any other person*** may, after the expiration of the ninety (90) days, and within twelve (12) months thereafter, recover the amount of such money, thing, or its value, by action ***for the use of the spouse***; or, if no spouse, the child or children; and, if no child or children, the next of kin of the loser.

Tenn. Code § 29-19-105 (emphasis supplied). Plaintiff here is "any person" and she brings claims on behalf of the families of Tennessee residents who lost money playing defendants' illegal gambling games.

7. Since the present case is brought by "any … person" to benefit a large group of persons and serve the public interest, many people would call the present case a "private attorney general action." See, e.g., Newman v. Piggie Park Enterprizes, Inc., 390 U.S. 400 (1968) (Plaintiff bringing action to end discrimination in restaurants "does so not for himself alone but also as a 'private attorney general' vindicating a policy that Congress considered of the highest priority."); Adkinson v. Harpeth Ford-Mercury, Inc., 1991 WL 17177 at *8 (Tenn. Ct. App. Nash. 1991) (noting that plaintiffs in certain cases "bring suit as private attorneys general acting for the public benefit as well as for themselves."); National Consumers League v. Flowers Bakeries LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014) (brought by plaintiff, as authorized by District of Columbia statute, on behalf of purchasers of particular types of bread, who would recover if it prevailed in the case.) It should be noted that Private Attorney General Actions do not require entirely altruistic motives, as noted by the Tennessee Court of Appeals in Adkinson, stating that such a plaintiff acts for the public benefit and for themselves. 1991 WL 17177 at *8.

8 Likewise, Ms. Burt brings this case for the benefit of the families of Tennesseans who have lost money to defendants' illegal gambling, pursuant to the statutory grant of the right to do so in Section 29-19-105. She also brings it to serve the public interest of the state as laid out in the Tennessee Code:

> Gambling is contrary to the public policy of this state and means risking anything of value for a profit whose return is to any degree contingent on chance, or any games of chance associated with casinos, including, but not limited to, slot machines, roulette wheels, and the like.

Tenn. Code § 39-17-501(1). But whether one calls this case a "private attorney general action" or just describes it as it is, an action under a Tennessee statute by any person, as authorized by the statute to recover money lost for the benefit of Tennessee families, it is not removable.

9. This case has a single plaintiff seeking this recovery on behalf of Tennessee families. There are not 100 individuals joined as plaintiffs in the case seeking to have all the claims tried together. The case is not brought under Rule 23 of the Federal Rules of Civil Procedure or Tennessee's analogous Rule 23.

## STANDARD FOR REMOVAL

10. Removal jurisdiction is predicated on the original jurisdiction of the federal courts, with the removal statute stating only that those cases "of which the district courts of the United States have original jurisdiction" can be removed. 28 U.S.C. § 1441(a). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," then the court must remand the case. 28 U.S.C. § 1447(c). It is uncontroversial that federal courts' subject-matter jurisdiction is strictly limited to that given to them by the Constitution and Congress:

> As an initial observation, it is well established that federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute, see Willy v. Coastal Corp., 503 U.S. 131,

> 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986), which is not to be expanded by judicial decree, American Fire & Casualty Co. v. Finn, 341 U.S. 6, 71 S.Ct. 534, 95 L.Ed. 702 (1951). Accordingly, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id (citing Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 11, 1 L.Ed. 718 (1799); McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182–183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936)).

Hudson v. Coleman, 347 F.3d 138, 141 (6th Cir. 2003).

11. Therefore, "[r]emoval statutes are strictly construed against removal and in favor of state court jurisdiction." Farmer v. Chattanooga-Hamilton County Hosp. Authority, 2002 WL 32058962 (citing Shamrock Oil Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534 (6th Cir. 1999). "Thus, in the interest of comity and federalism, federal jurisdiction should be exercised only when it is clearly established, and any ambiguity… should be resolved in favor of remand to the state courts." Brierly, 184 F.3d at 534. As the Eleventh Circuit persuasively put it:

> Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its face, satisfies the jurisdictional amount, removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand.

Burns v. Windsor Ins. Co., 31 F. 3d 1092, 1095 (11th Cir. 1994).

12. Defendant bears the burden of meeting this high standard. It is likewise uncontroversial that "a party 'seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction." Coyne v. Am. Tobacco Co., 183 F.3d 488, 493 (6th Cir. 1999) (quoting Certain Interested Underwriters at Lloyd's London, England v. Layne, 26 F.3d 39, 41 (6th Cir. 1994); see also Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit, 874 F. 2d 332, 339 (6th Cir. 1989) ("The party seeking removal bears the burden of establishing its right thereto.") In order for removal to be proper, therefore, defendants must demonstrate that Plaintiff's individual claim places more than $75,000 in controversy, or of providing a legal reason that it may be aggregated with the recovery of the other individuals named in the statute. They can do neither.

13. This burden does not change under the Class Action Fairness Act. "In removing under CAFA, the defendant 'has the burden of demonstrating, by a preponderance of the evidence, that the amount in controversy requirement has been met.'" Graiser v. Visionworks of America, Inc., 819 F.3d 277, 282 (6th Cir. 2016) (citing Smith v. Nationwide Prop. & Cas. Ins. Co., 505 F.3d 401, 404 (6th Cir. 2007).

14. As noted above, under CAFA, a class action is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. 1332(d)(1)(B). Defendants thus

also have the burden of demonstrating that this action somehow resembles a class action under Rule 23, despite the fact that Section 29-19-105 lacks any of the prerequisites of that rule.

## THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE

### A. This is Not a Class Action Under CAFA, Because Tennessee Code 29-19-105 is Not Similar to Rule 23, Lacking Any of the Prerequisites of the Rule.

15. Since the present complaint was filed in Tennessee state court, and thus does not invoke Rule 23 of the Federal Rules of Civil Procedure, the question here is whether Section 29-19-105 of the Tennessee code is "a similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative person as a class action." The answer is no. Instead of authorizing a class action with the familiar requirements of numerosity, typicality, commonality, and adequacy of representation, the Tennessee Legislature chose to allow "any person" to bring an action under Section 29-19-105.

16. The Tennessee Supreme Court has held that the legislature means what it says when it uses the phrase "any person." Hill v. State, 144 S.W.2d 734 (Tenn. 1940) (holding that a person proved to have sold alcohol without a license a single time was guilty under a statute making it unlawful for "any person" to do so.) The court went on to state that it was "immaterial whether the defendant be regarded as a dealer or person engaged in selling intoxicating liquors, since it is made unlawful

'for any person' to sell, exchange or give away any alcoholic beverage without first having paid the tax." Id. Finally, it states that "[t]he language of the statute seems too plain to require further consideration." Id. In other words, "any person" means any person, without regard to any qualifications, much less those found in Rule 23.

17. Playtika must therefore strain to argue that the Tennessee statute is somehow similar to Rule 23. In its notice of removal, Playtika does not and cannot cite any cases that construe state statutes that allow a government official or private party to sue on behalf of absent third parties as class actions under CAFA. That is because there are not any. Instead, Playtika cites to two cases that **both involve class actions brought under state analogues to Federal Rule 23**. In Williams v. Employers Mutual Casualty Co., the class representative of a class action certified under the Missouri counterpart to Federal Rule 23 brought a garnishment action to collect on a judgment entered on behalf of the class. 845 F. 3d 891 (8th Cir. 2017). The defendant in the garnishment action removed the case under CAFA, and the Eighth Circuit affirmed the district court's denial of plaintiff's motion to remand, unsurprisingly holding that an action brought by the class representative of a certified class on behalf of that class is, in fact, a class action within the meaning of CAFA. Id. at 901 The court went on to state that "it is clear from the face of the complaint that [Missouri] Rule 52.08 is the precise rule under which Williams proceeds in her effort to enforce the judgment obtained for the benefit of the class.

Thus, **because Rule 52.08 is undisputedly analogous to Rule 23**, we conclude that the action was 'filed under' a state-law analogue to Rule 23, and is a class action for purposes of CAFA jurisdiction." Id. (emphasis supplied). In contrast, the present case is brought under a Tennessee code section that has no relation to Rule 23.

18. Playtika's other cited case, Addison Automatics Inc. v. Hartford Casualty Ins. Co., likewise provides no support for Playtika's argument because it had its origins in a state class action brought under the Illinois counterpart of federal Rule 23. 731 F.3d 740 (7th Cir. 2013). In Addison, the defendant's liability insurer refused to defend or indemnify the defendant from the class action cases, in which Addison itself was the class representative. Reasonably, the Seventh Circuit held that Addison "has standing to pursue relief against Hartford only as class representative," and that, therefore, "[t]he declaratory judgment action is in substance a class action that was properly removed to federal court." Id. at 741. Unlike in Williams and Addison, Ms. Burt has never claimed to or been certified as any kind of class representative, and under the Tennessee gambling recovery statute, there is no requirement for her to be.

19. Defendants' argument that this is somehow a class action comes down to the mistaken idea that every representative action is a class action. This is entirely untrue. As one Court of Appeals put it, "[a]lthough 'suits [that] lack the defining attributes of true class actions' may be 'representative actions,' they are not 'class

actions' under CAFA." Canela v. Costco Wholesale Corp., 971 F. 3d 845, 850 (9th Cir. 2020) (quoting Washington v. Chimei Innolux Corp., 659 F. 3d 842, 848 (9th Cir. 2011). The Canela and Chimei Innolux cases are two of hundreds throughout the country (including not only the Sixth Circuit, but both Circuits – the Seventh and Eighth – that Playtika cited) to hold that the question of whether an action is brought under a state statute similar to Rule 23 such that it may be considered a class action under CAFA comes down to whether it has similar requirements to Rule 23's prerequisites of numerosity, typicality, commonality, and adequacy of representation. Id. at 850; see also Nessel ex rel. Michigan v. Amerigas Partners, L.P., 954 F.3d 831, 835 (6th Cir. 2020) (holding no class action where the statute did not require compliance with Rule 23, stating that "[t]hese four requirements—numerosity, commonality, typicality, and adequate representation, are the defining characteristics of Rule 23); LG Display Ltd. v. Madigan, 665 F.3d 768 (7th Cir. 2011) (action by state attorney general not similar to a class action because it "does not impose any of the familiar Rule 23 constraints."); Minnesota v. American Petroleum Institute, 63 F.4th 703 (8th Cir. 2023) )affirming remand to state court because state statute at issue did not require the core Rule 23 requirements to be satisfied).

20. The string cite in the above paragraph could go on for several, if not dozens of pages. Rather than attempting the daunting and perhaps impossible task

of comprehensively listing every case that has evaluated whether an action is a class action under CAFA by comparing the requirements of the statute under which it is brought to Rule 23, plaintiff will provide a more reasonable list of representative cases. These cases consist of both parens patriae cases brought by state officials and cases brought by private parties, like this case, under statutes that authorize suit on behalf of other individuals. See, e.g., West Virginia ex rel. McGraw v. CVS Pharmacy, Inc., 646 F. 3d 169 (4th Cir. 2011) (in parens patriae case, remand affirmed because state statute was not similar to Rule 23, as it did not require numerosity, commonality, typicality, and adequate representation, the "minimum" requirements for a state statute to be similar to Rule 23 under CAFA); DCH Health Care Auth. v. Purdue Pharma L.P., 2019 WL 6493932 at *5 (S.D. Ala. Dec. 3 2019) (private party plaintiff) (granting remand because "this action is not a class action" and "does not invoke Rule 23" or a similar state rule); Southwest Airlines Pilots Assoc. v. Boeing Co., 613 F. Supp. 3d 975, 978 (N.D. Tex. 2020) (private party plaintiff) ("CAFA therefore requires 'that the state statute authorize this suit as a class action' and that the suit meet 'the central requirements of class actions.'") (quoting Washington v. Chimei Innolux Corp., 659 F.3d 842, 848 (9th Cir. 2011); Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A., 761 F.3d 1027 (9th Cir. 2014) ("These state procedural devices are not similar to a Rule 23 action… And, a common law parens patriae suit is not a procedural device under Rule 23.); Coquina

Crossing Homeowners Assoc., Inc. v. MHC Operating Limited Partnership, 2022 WL 843582 (M.D. Fla. 2022) (private party plaintiff) (statutory action by homeowners association on behalf of members is not a removable class action under CAFA because the statute "does not contain any of the hallmark requirements of a traditional class action."); Animal Legal Defense Fund v. Hormel Foods Corp., 249 F. Supp. 3d 54, 64 (D.D.C. 2017) (private party plaintiff) ("This D.C. Code section does not require class proceedings and is a 'separate and distinct procedural vehicle from a class action' to which CAFA does not apply.") (quoting Breakman v. AOL LLC, 545 F. Supp. 2d 96, 101 (D.D.C. 2008) ("The DCCPPA specifically authorizes a private attorney general suit without any reference to class action requirements.")

21. An instructive case involving private parties rather than the state as a plaintiff is Erie Insurance Exchange v. Erie Indemnity Co. 722 F.3d 154 (3d Cir. 2013.) There, members of an insurance exchange comprised of many insurance companies doing business in Pennsylvania sued an indemnity company on behalf of themselves and the other members of the exchange. The action was brought under a Pennsylvania statute authorizing unincorporated associations to sue by and through one or more of its members on behalf of the entire association and the members. In affirming the district court's decision to remand the removed case to state court, the Third Circuit reasoned as follows:

> We begin, of course, with CAFA's language, which defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of

> Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Like the other Courts of Appeals to have construed CAFA's definition of "class action," we find "no ambiguity" in the text of the law and Indemnity points to none. Washington v. Chimei Innolux Corp., 659 F.3d 842, 848 (9th Cir. 2011). The statute directs us to inquire whether this action was brought under "a state statute or rule" that is "similar" to Rule 23 or, in other words, "whether the state statute authorizes the suit 'as a class action.'" Id.
>
> Indemnity has made no attempt to argue that this dispute meets the statutory definition of class action. Notably, Indemnity does not contend that the Complaint was filed pursuant to Rule 23 of the Federal Rules of Civil Procedure, or under any state statute or rule that is "similar" to Rule 23 or that otherwise authorizes an action to be brought by a representative as a class action. Nor could it. As noted, this action was originally brought pursuant to Rule 2152 of the Pennsylvania Rules of Civil Procedure ("Rule 2152"), which allows suits on behalf of an unincorporated association to be prosecuted by its members. ***But Rule 2152 contains none of the defining characteristics of Rule 23 of the Federal Rules of Civil Procedure*** ("Rule 23"). It does not, for example, provide for class certification mechanisms, Fed R. Civ. P. 23(c)(1), list requirements such as numerosity or commonality that a suit must meet to constitute a class action, Fed. R. Civ. P. 23(a)-(b), or specify the form and substance of notice that must be given to absent class members, Fed. R. Civ. P. 23(c)(2). Nor does Rule 2152 permit individual class members to opt-out or provide for the appointment of a lead plaintiff or class counsel. Far from "authorizing an action to be brought by [a] representative person [] as a class," 28 U.S.C. § 1332(d)(1)(B), Rule 2152 merely authorizes suits by representatives on behalf of an unincorporated association. See Pa. R. Civ. P. 2152.

Id. at 158-59 (emphasis supplied). The Third Circuit also rejected other arguments that the case was similar to a class action under CAFA:

> Unable to meet the clear statutory definition of "class action," Indemnity resorts to a series of extra-textual arguments and to a complicated analysis of the Complaint, in an attempt to meet its burden

> of establishing removal by convincing us that "there is more to this case than meets the eye." Purdue, 704 F.3d at 217. We are not persuaded.
>
> Indemnity points to CAFA's legislative history, which it contends dictates that CAFA's application of class action "should not be confined solely to lawsuits that are labeled 'class actions.'" Appellant's Br. At 12 (citing S. Rep. No. 109-14 at 35 (2005)). But this general legislative statement does nothing to tip the scales in Indemnity's favor. It neither modifies the statutory command of which suits are to be considered class actions, nor provides a test by which to answer the question of whether a suit constitutes a "class action." We do not quarrel with the view that "class actions" are not only cases labeled as such, but our holding does not turn on the fact that that label is missing from the Complaint. Rather, **it turns on the fact that this case was not brought pursuant to any rule sufficiently similar to Rule 23**, and that Indemnity has not pointed to any rule that would even permit a suit by an exchange through its members to be brought as a class action under Pennsylvania law. Cf. Chimei, 659 F.3d at 849-50 (rejecting the argument that "liberally" defining "class action" required finding that a suit that has some resemblance to a class action was a CAFA "class action.")

Id. at 160. The arguments in defendants' notice of removal are eerily similar to those the Third Circuit rejected in Erie. They cite the same Senate Report that makes a "general legislative statement" about whether labels should be controlling. Id. As in Erie, this statement "does nothing to tip the scales in" defendants' favor, because what matters is "this case was not brought pursuant to any rule sufficiently similar to Rule 23."

22. As noted above, the legions of cases that evaluate whether a suit is a class action under CAFA based on whether the statute has similar requirements to federal Rule 23 include both parens patriae cases and cases involving private parties.

The identity of the party is not the important factor; rather, the nature of the statute or rule that the case was brought under is what matters. The Fifth Circuit neatly illustrated this point in In Re: Katrina Canal Litig. Breaches, 524 F.3d 700 (5th Cir. 2008). In that case, after laying out the definition found in Section 1332(d)(1)(B), the Fifth Circuit rejected Louisiana's claim that CAFA could never apply to suits brought by states:

> Louisiana argues that a state has never been treated as a person for purposes of diversity jurisdiction and that it has not filed a class action as defined by CAFA. The argument is not without force, but we are not persuaded. CAFA only requires that the action be brought under Rule 23 or a state statute that authorizes class actions to be brought by a person. Louisiana's Article 591(A) is such as statute, as it permits "members of a class" to "sue or be sued as representative parties." Congress considered and rejected an amendment that would have exempted class actions filed by an attorney general from removal under CAFA. Nor can we agree that CAFA's use of the term "citizen" bars its application here. The statute refers to the citizenship of any class member and any defendant. It signifies that CAFA in expanding federal jurisdiction over certain class actions filed in state court, escaped the rule that citizenship of the named representative is controlling.

Id. at 705. The decision in Katrina directly holds that the identity of the plaintiff is irrelevant. What matters in determining jurisdiction under CAFA is whether the state statute or rule under which the claim is brought is similar to Rule 23.

23. Because Section 29-19-105 of the Tennessee Code contains no class certification procedure and none of the prerequisites of Rule 23, it is not a similar state statute to that rule, and this is not a class action under CAFA. The cases that

hold thus are myriad, and no case holds that a suit filed under a state statute bearing no relation to Rule 23 is a class action under CAFA.

### B. Damages Cannot be Aggregated in Determining the Amount in Controversy in a Private Attorney General Action Like This One.

24. Courts have long recognized that the potential recoveries of absent parties cannot ordinarily be aggregated. Sellers v. O'Connell, 751 F.2d 575, 579 (6th Cir. 1983). This case presents a single plaintiff bringing a claim authorized by statute for the benefit of others who are not joined as plaintiffs, but who stand to benefit from the case. Those benefits are separate and individual for each of the family members of the gamblers who lost money, not an undivided equal interest in the recovery. To put it in simple terms, a wife whose husband lost $40,000.00 on defendants' games would receive $40,000.00. A different next of kin of a person who lost $1.99 would receive $1.99. Since there is no common and undivided interest, the potential recoveries of these individuals cannot be aggregated for jurisdictional purposes.

25. Because this is neither a class action nor a mass action under CAFA, the non-aggregation principle continues to apply. This is illustrated by Mississippi ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 176 (2014). There, the Fifth Circuit had held that the case, brought by the Mississippi Attorney General for the benefit of members of the public, was not a class action under CAFA, but did qualify as a mass action. Mississippi ex rel. Hood v. AU Optronics Corp., 701 F. 3d 796 (5th

Cir. 2012). The Supreme Court left undisturbed the ruling that the case was not a class action, but ruled that it was also not a mass action, since the state was the only plaintiff. Hood, 571 U.S. at 170-171. In order to qualify as either a mass action or a class action under CAFA, a suit must put more than five million dollars in controversy. 28 U.S.C. 1332(d)(2). The Hood case obviously met the amount-in-controversy, which was not discussed by either court, but the amounts that would be recovered by individual members of the public could not be aggregated.

25. Since the Supreme Court's decision in Hood, federal courts have uniformly held that claims of absent beneficiaries to actions brought by one person for the benefit of other unnamed persons, such as private attorney general actions, cannot be aggregated for purposes of satisfying Section 1332's requirement of an amount in controversy of at least $75,000. Canela v. Costco Wholesale Corp., 971 F. 3d 845, 850 (9th Cir. 2020) (in private attorney general action, claims of 968 employees on whose behalf recovery was sought could not be aggregated for jurisdictional purposes); National Consumers League v. Flowers Bakeries, LLC, 36 F. Supp. 3d 26, 32-33 (D.D.C. 2014) (in private attorney general action, aggregation of claims of absent parties on whose behalf recovery was sought "runs afoul of the non-aggregation principle that 'separate and distinct claims of two or more plaintiffs cannot be aggregated to satisfy the jurisdictional amount required' except 'in cases in which two or more plaintiffs unite to enforce a single title or right to which they

have a common and undivided interest.'") (citing Snyder v. Harris, 394 U.S. 332, 335 (1969); Sharma v. Crosscode, Inc., 2022 WL 816555 at *6 (D. Minn. 2022) ("any alleged damages of non-parties are not part of the 'amount in controversy'"); Massachusetts v. Exxon Mobil Corp., 462 F. Supp. 3d 31, 47-49 (D. Mass. 2020) (attorney general action not subject to CAFA, so amount in controversy could not be satisfied by aggregating claims of those on whose behalf the action was brought); Schupp v. United Automobile Assoc., 2023 WL 178468 (D. Md. 2023 (CAFA does not confer jurisdiction on pro se plaintiff's claim for declaratory judgment that would benefit a group of policy holders).

26. Like the above-cited cases, this case involves a single plaintiff bringing a claim authorized by statute for the benefit of others who are not joined as plaintiffs, but who stand to benefit from the case. In such circumstances, the damages of those on whose behalf the claim is brought cannot be aggregated for jurisdictional purposes.

27. The Northern District of Alabama recently faced a series of cases that are substantively identical to the case at bar. Rice v. Aristocrat Leisure, Ltd., 2023 WL 5198510 at *5 (N.D. Ala. Aug. 11, 2023); see also McGee v. SpinX Games, Ltd., 2023 WL 5202377 (N.D. Ala. Aug. 14, 2023); Pilati v. Yellow Social Interactive, Ltd., 2023 WL 5202375 (N.D. Ala. Aug. 14, 2023); Gann v. Huuuge, Inc., 2023 WL 5202376 (N.D. Ala. Aug. 14, 2023); Mills v. Zynga, Inc., 2023 WL

5198511 (N.D. Ala. Aug. 14, 2023). These cases arose under Alabama's gambling recovery law, which, like Tennessee's, authorizes "any person" to recover for the use of the spouse, children, or next of kin of the gambler. Compare Ala. Code § 8-1-150 and Tenn. Code § 29-19-105.

28. In the Alabama cases, Judge Liles C. Burke issued identical opinions remanding the case to state court because the amounts recoverable by the absent family members could not be aggregated to reach the amount in controversy. Rice, 2023 WL 5198510 at *5. Stating that he was "[g]uided by the non-aggregation doctrine and the principle that the removal statute should be construed narrowly in favor of remand" Judge Burke found that these principles applied because "there is a single plaintiff acting in a representative capacity to recover damages that would be payable to non-parties." Id.

29. Judge Burke also distinguished a case relied on by Playtika in their notice of removal:

> The Court recognizes that Aristocrat cites In re Folgers Coffee, Mktg. Litig., 2021 WL 5106457, *1 (W.D. Mo. Aug. 19, 2021) to support its position—also a private attorney general action brought under the DCCPPA—wherein the Western District of Missouri interpreted the non-aggregation doctrine differently than the District of Columbia and the Ninth Circuit. Folgers, 2021 WL 5106457 at *1. There, the court considered the damages payable directly to the plaintiff, along with attorney fees and the cost of an injunction and held that the amount in controversy threshold was met and thus that the court had jurisdiction under § 1332(a). Id. at *3–5. The court rejected the plaintiff's argument that the non-aggregation doctrine required the court to divide the

> attorney fees and cost of the injunction among the entire population of the District of Columbia. Id. at *3–4.
>
> Notwithstanding the fact that § 8-1-150 does not provide for attorney fees or equitable relief, the Court finds that the facts in Folgers diverge from those in both this case and the cases discussed previously. In Folgers, the plaintiff claimed to represent the general public, not a particular subset of the population. See id. at *3 ("Plaintiff argues that any attorneys' fees he obtains in this suit must be divided among the entire population of the District of Columbia."). Moreover, the plaintiff in Folgers did not seek to recover damages that would be payable to other consumers. Id. In contrast, in this case and in those cases discussed above, the plaintiff represents not the entire population but a particular category of persons, and the plaintiff looks to recover damages that would be payable to those persons. Thus, the Court finds the analysis in Folgers unpersuasive.

Rice, 2023 WL 5198510 at *5.

30. No differences exist between either the statutes in Alabama and Tennessee or the cases filed thereunder. In this case, just as in those remanded by Judge Burke,[1] the plaintiff seeks to recover for absent beneficiaries whose potential recoveries cannot be aggregated. Therefore, the amount in controversy is not met, and traditional diversity jurisdiction does not exist.

## CONCLUSION

31. For the reasons described above, this case is not a class action under CAFA, and the amount-in-controversy for traditional diversity jurisdiction is not

[1] Several of the cases are again before Judge Burke on a theory that they are class actions. For the reasons described above, we believe that they are not class actions under the meaning of CAFA and Judge Burke will again remand. Nonetheless, we wanted to make it clear to this Court that we are citing only Judge Burke's opinion that traditional diversity jurisdiction does not exist because the claims of absent beneficiaries cannot be aggregated.

met. Therefore, plaintiff respectfully moves this honorable Court to remand the case to the state court of the Fourteenth Judicial District of Tennessee, in Coffee County.

Respectfully submitted this 12th day of January, 2024,

/s/ Dargan M. Ware
Attorney for Plaintiffs

**Counsel:**

Dargan M. Ware (pro hac vice)
DAVIS & NORRIS, LLP
2154 Highland Ave. South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
dware@davisnorris.com

Garth R. Segroves
113 West Moore Street
Tullahoma, Tennessee 37388
Telephone: 931.393.4366
Facsimile: 931.259.4466
garth_segroves@att.net

Jeffrey L. Bowling (pro hac vice)
BEDFORD, ROGERS & BOWLING, P.C.
303 North Jackson Street
P.O. Box 669
Russellville, Alabama 35653-0669
Telephone: 256.332.2880
jeffbrbpc@bellsouth.net

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served on all counsel of record through the CM/ECF electronic filing system of the United States District Court for the Eastern District of Tennessee on January 12, 2024.

/s/ Dargan M. Ware
Attorney for Plaintiff